Frank E. BERTUCCI and Ardeth Bertucci

v.

The UNITED STATES.

No. 401–54.

United States Court of Claims.

Jan. 16, 1957.

Robert Ash, Washington, D. C., Charles H. Burton, Washington, on the brief, for plaintiffs.

Victor A. Altman, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., Andrew D. Sharpe and Sheldon J. Gitelman, Washington, D. C., on the brief, for defendant.

WHITAKER, Judge.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

Plaintiffs are husband and wife. For the fiscal years ending July 31, 1950 and July 31, 1951, they filed joint returns and paid taxes accordingly. The Commissioner of Internal Revenue ruled that they should have filed separate returns and, since the wife had no income, he

asserted a deficiency against the husband based upon a separate return by him of the entire income.

For this deficiency plaintiffs sue.

The position of the Commissioner that plaintiffs were not entitled to file a joint return is based on a technicality. Except for this technicality they were clearly entitled to do so. Since defendant's position is technical, we shall examine it technically.

■ In both of the taxable years in question the wife had no income of her own, but this fact did not deprive them of the right to file a joint return. Section 51(b) (1) of the Internal Revenue Code of 1939, as amended by section 303 of the Revenue Act of 1948, 62 Stat. 110, 115, 26 U.S.C.A. § 51(b) (1), expressly so provides. This was for the purpose of giving to married couples in all States the same rights enjoyed by them in community-property States, where each spouse was entitled to one-half of the income, irrespective of the amount earned by or accruing to each

But defendant says that, while as a general rule married couples may file a joint return, section 51(b) (3) of the Code prevents them from doing so when the husband and wife have different taxable years, which, it says, is the case here. Is this true?

Plaintiffs were married on June 6, 1948. Prior to their marriage the wife was employed, had an income, and filed income tax returns. These were made on a calendar year basis. She quit work in April 1948, in anticipation of her marriage in June following, since which time she has had no income. Her last separate tax return was for the calendar year 1948. She filed no return for the period January 1, 1949 to July 31, 1949, her last taxable year, as defined in section 48 of the Code, 26 U.S.C.A. § 48, because she had no income during that time. The return for August 1, 1949 to July 31, 1950, was a joint return. For years previously the husband had filed his returns on the basis of a

fiscal year from and including August 1 to July 31 of the following year.

In such a situation, have the husband and wife different taxable years? If not, they are clearly entitled to file a joint return. The wife's last taxable year ended on December 31, 1948.

■■ Section 48 of the Code defines a "taxable year" as "the calendar year, or the fiscal year * * * upon the basis of which the net income is computed under this Part," which may be for 12 months or a fractional part thereof. The wife's last taxable year ended on December 31, 1948. Thereafter she had no taxable year, because she had no income upon which to compute taxes. A taxable year denotes the period for which taxes are levied. If none are levied, then there is no taxable year. Since April 1948 the wife had had no income upon which to compute taxes and, therefore, had no "taxable year" when the joint return was filed, or when the period covered by the return began.

If the wife has no taxable year, the husband and wife cannot have different taxable years and, hence, subsection (3) of 51(b) does not apply.

So much for the technicalities. The result arrived at, we think, accords with the intent of Congress. Congress could not have intended subsection (3) to apply to a case where one of the spouses had no income. The inconvenience, if not the impossibility, of consolidating income where each spouse has income in taxable years ending on different days does not exist in a case where one spouse has no income.

■ It was not necessary for the wife to make application to change her basis for reporting her income from a calendar year basis to a fiscal year basis, as defendant contends, because she had no income to report.

Plaintiffs are entitled to recover, together with interest as provided by law, and judgment will be entered to that effect. The amount of the recovery will be determined pursuant to Rule 38(c), 28 U.S.C.A. If the parties desire to

file a stipulation showing the amount due computed in accordance with this opinion, they may have 30 days in which to do so.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and LITTLETON, Judges, concur.

**METAL EXPORTS, Inc.**
v.
**The UNITED STATES.**
No. 50021.

United States Court of Claims.
Jan. 16, 1957.

Edwin Longcope, New York City, George Whitefield Betts, Jr., William Logan, Jr., and William E. Logan, New York City, on the briefs, for plaintiff.

Edward L. Metzler, Washington, D. C., with whom was George Cochran Doub, Asst. Atty. Gen., George L. Ware, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LARAMORE, Judge.

This is a suit by plaintiff, a Panama corporation, for an alleged breach of a contract by the defendant's Maritime Commission, for the sale and delivery of a stockpile of surplus marine parts located at Yokohama, Japan. Plaintiff also claims "just compensation" on the theory that title passed to plaintiff, and defendant's retention of the stockpile